**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FIRST RESPONSE d/b/a AMERICARE AMBULANCE; FABRIZIO BIVONA, *Plaintiffs*, v. STATE of NEW JERSEY; THOMAS HENDRICKSON; DANIEL KAZAR; & CHRISTOPHER NEUWIRTH, *Defendants*. | Civil Action No. 21-1458  **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter returns to the Court on Defendant Neuwirth's motion to dismiss Plaintiffs' First Response d/b/a Americare Ambulance and Fabrizio Bivona (collectively "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). The Court reviewed the parties' submissions[1] and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, Defendant Neuwirth's motion is **GRANTED**.

---

[1] Plaintiffs' Complaint will be referred to as "Compl." (D.E. 1). Defendant's brief in support of its motion to dismiss will be referred to as "Def. Br." (D.E. 36-1). Plaintiffs' letter, submitted in response to Defendant's brief, will be referred to as "Plfs. Ltr." (D.E. 37). In that letter, D.E. 37, Plaintiffs state that they will rely on the brief that they submitted in opposition to the State Defendants' motion to dismiss, which will be referred to as "Plfs. Opp." (D.E. 20). Defendant's reply will be referred to as "Def. Reply" (D.E. 38).

I.   BACKGROUND

The Court recounted the factual and procedural predicate of this matter on August 4, 2022, in its Opinion addressing the State Defendants' motion to dismiss.  D.E. 26.[2]  The Court incorporates those recitations by reference.

On February 5, 2021, Plaintiffs filed a *pro se* Complaint in this Court.  D.E. 1.  On March 22, 2021, the Court ordered that Plaintiffs obtain counsel within twenty-one (21) days, as First Response d/b/a/ Americare Ambulance appeared to be an LLC and "a corporate entity such as a limited liability company may not proceed *pro se* and must be represented by legal counsel."  D.E. 3 at 2 (citing *In re 69 North Franklin Turnpike LLC*, 693 Fed. App'x 141, 144 (3d Cir. 2017)). Plaintiffs' counsel entered an appearance on April 23, 2021.  D.E. 4.  On December 14, 2021, Plaintiffs filed an Affidavit of Service, indicating that they effectuated service on Defendant Neuwirth on November 16, 2021.  D.E. 9.  On September 8, 2022, the Clerk's Office issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m), advising that the action would "be dismissed on October 3, 2022, for failure to effect service of the summons and complaint within 90 days of the filing of the complaint as to defendants Thomas Hendrickson and Christopher Neuwirth, unless [Plaintiffs] establish that service was effected within said 90 days, by filing proof of service with the Clerk of the Court before the return date of this notice."  D.E. 28.  On September 29, 2022, Plaintiffs submitted copies of Defendant Hendrickson's[3] and

---

[2] The State Defendants moved to dismiss on February 4, 2022, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  D.E. 15.  On August 4, 2022, the Court granted the motion based on Eleventh Amendment immunity and failure to name a person under Section 1983, thereby dismissing the claims against the State of New Jersey in their entirety, and the claims against Defendant Kazar in his official capacity.  D.E. 26.  The Court also granted the motion on *Younger* abstention grounds.  D.E. 26.

[3] *See infra* n. 6 (addressing the Notice of Call for Dismissal, D.E. 28, Plaintiffs' response, D.E. 31, and the State Defendants' letter, D.E. 32, as to Defendant Hendrickson).

Defendant Neuwirth's Affidavits of Service (served on November 17, 2021, and November 16, 2021, respectively), and stated in an accompanying letter that "[a]ny delay was caused by the [p]ro-[s]e Complaint of Fabrizio Biovona, who is not an attorney," and that "[s]ince the Plaintiff is a corporation, an [a]ttorney is required." D.E. 31. On February 2, 2023, Defendant Neuwirth filed the instant motion, asserting insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. D.E. 36.

## II.   STANDARDS OF REVIEW

### A.  Federal Rule of Civil Procedure 12(b)(5)

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process. *Dartell v. Tibet Pharm., Inc.*, No. 14-3620, 2017 WL 1206003, at *2 (D.N.J. Mar. 31, 2017). "The party effecting service has the burden of establishing that service was sufficient." *Id.* (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). However, "district courts possess 'broad discretion' when evaluating a motion to dismiss for insufficient service of process." *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve the summons and complaint on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, a court, "on motion or on its own . . . must dismiss the action without prejudice against that defendant." *Id.* If, however, a plaintiff "shows good cause for the failure, the court must extend the time for service." *Id.* But if good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995).

3

### B. Federal Rule of Civil Procedure 12(b)(1)

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (internal quotation marks and citations omitted). When a defendant does "not challenge the validity of any of the Plaintiffs' factual claims as part of its motion, it has brought . . . a facial challenge." *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

Defendant Neuwirth asserts a facial attack through the defense of sovereign immunity. *Const. Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). As a result, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A motion to dismiss based upon sovereign immunity is properly brought pursuant to Rule 12(b)(1) because sovereign immunity implicates the Court's subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).

### C. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210 (citation omitted). Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

Defendant Neuwirth argues that service was untimely under Federal Rule of Civil Procedure 4(m), and that Plaintiffs' claims should therefore be dismissed. Def. Br. at 8. Defendant Neuwirth notes that while the Complaint was filed on February 5, 2021, and Plaintiffs' counsel appeared on April 23, 2021, Defendant Neuwirth was not served until November 16, 2021. *Id.*

Plaintiffs do not challenge this timeline, responding only that "Plaintiff[s] w[ere] issued summons on 10/6/21 and the service as effectuated 11/16/21." Plfs. Ltr. at 1.[4]

Because service was untimely, the Court must next determine whether good cause exists for the delay such that it will be excused. Fed. R. Civ. P. 4(m). To demonstrate good cause, Plaintiffs must show that they "exercised diligence in trying to effect service,"[5] and that there was "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified by the rule." *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004) (citation omitted). Generally, three factors are considered as to good cause: (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). The court's "primary focus" will be "on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, the first factor weighs against a finding of good cause. Plaintiffs' opposition brief does not speak to Plaintiffs' efforts to serve nor does it provide any reasons for Plaintiffs' failure to timely serve. In fact, it does address any of the good cause factors. Nevertheless, the Court considers the letter that Plaintiffs submitted in response to the Court's Notice of Call for Dismissal, which contends that "[a]ny delay was caused by the [p]ro-[s]e Complaint of Fabrizio Biovona, who is not an attorney." D.E. 31. However, "[a] pro se plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply." *Sykes v. Blockbuster*

---

[4] Because Rule 4(m) requires that the defendant be served within 90 days after the *complaint* is filed, this statement has no bearing on the Court's assessment of timeliness. Fed. R. Civ. P. 4(m).

[5] *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010) (citing *Himmelreich v. U.S.,* 285 Fed. Appx. 5, 7 (3d Cir.2008) (citing *Bachenski v. Malnati,* 11 F.3d 1371, 1376–77 (7th Cir.1993)).

*Inc./Viacom*, No. 4-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom., Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).  Plaintiffs also fail to explain why service was delayed after counsel was obtained.  Plaintiffs' counsel appeared on April 23, 2021, and Defendant Neuwirth was not served until November 16, 2021.  D.E. 4, 9.  Thus, even if the Court considered the 90-day timeline to serve to begin on April 23, 2021, Defendant Neuwirth should have been served by July 22, 2021—nearly four months before the date that service was made.  Also weighing against a finding of good cause is the third factor—Plaintiffs' failure to move for an enlargement of time to serve.  And while neither party raises any arguments as to the second factor—the prejudice to Defendant Neuwirth for lack of timely service—the "absence of prejudice alone can never constitute good cause to excuse late service." *MCI Telecomms.*, 71 F.3d at 1097.  Thus, the Court finds no good cause for Plaintiffs' failure to timely serve Defendant Neuwirth.

Because good cause is lacking, the Court must decide whether to dismiss the complaint without prejudice or exercise its discretion and extend time to perfect service.  *Jumpp*, 2010 WL 715678, at *6.  In making its determination, "the court may consider and balance several factors, such as (1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and (6) any other relevant factor." *Id*. at *7.  The plaintiff bears the burden of demonstrating why an exercise of discretion is warranted. *Id.* at *7.

Here, Defendant Neuwirth does not contend that he did not have actual notice of the action or that the untimely service resulted in prejudice.  He argues only that the claims should be dismissed because the service was untimely.  Def. Br. at 8.  On the other hand, Plaintiffs did not set forth any arguments as to why the Court should exercise its discretion and decline to dismiss the Complaint.  Accordingly, Plaintiffs have failed to carry their burden.  *See Garlanger v.*

*Verbeke*, 223 F. Supp. 2d 596, 610-11 (D.N.J. 2002) (dismissing the claims against the defendant where the plaintiffs failed to offer any explanation for their failure to properly serve the defendant and did not otherwise respond to the defendant's motion to dismiss pursuant to Rule 4(m)). Thus, the Court grants Defendant Neuwirth's motion to dismiss for improper service.[6]

In light of the dismissal, the Court need not reach Defendant Neuwirth's remaining challenges. Nevertheless, the Court notes that Defendant Neuwirth's subject matter challenges, Def. Br. at 3-4, which mirror those successfully raised by the State Defendants, also warrant dismissal.[7] Indeed, for the same for the same reasons the Court granted the State Defendants'

---

[6] This matter is also dismissed for improper service as to Defendant Hendrickson. On September 7, 2022, the Court advised Plaintiffs that the matter would be dismissed as to Defendant Hendrickson unless Plaintiffs established "that service was effected within [] 90 days" of filing the Complaint. D.E. 28. Plaintiffs' submission failed to do so. D.E. 31. On October 3, 2022, the State Defendants responded to Plaintiffs' submission, arguing that service was improper as to Defendant Hendrickson on multiple grounds. D.E. 32. The State Defendants noted that in addition to being untimely, the service was made at the New Jersey Attorney General's Office (the "Office"), despite there being "no allegation[s] that Defendant Hendrickson was ever an employee" of the Office, nor "evidence that he consented for [such acceptance of] service on his behalf," or that the Office entered an appearance on his behalf. D.E. 32 at 2. The State Defendants added that Defendant Hendrickson was not personally served. *Id.* The Court agrees that service was improper. *See* Fed. R. Civ. P. 4(m) (requiring service within 90 days of filing the complaint); *see also* Fed. R. Civ. P. 4(e) (providing that individuals may be served (1) personally, (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age who resides there, (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process, or (4) following the state law where the Court is located or where service is made for serving a summons; N.J. Rule 4:4-4(a) (mirroring the Fed. R. Civ. P. 4(e) requirements). The Court also finds that Plaintiffs have failed to show good cause for their failure to properly serve Defendant Hendrickson. Indeed, as with Defendant Neuwirth, Plaintiffs do not provide a basis for the Court to find that good cause exists for the insufficient service, nor do they set forth any arguments as to why the Court should exercise its discretion and extend time to perfect service.

[7] *See Dominguez v. D.C.*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008) (citing *Simpkins v. Dist. of Columbia Gov't,* 108 F.3d 366, 369-70 (D.C.Cir.1997)) ("If dismissing the claim without prejudice due to insufficient service would lead to the refiling of a meritless claim, . . . it is proper to consider other means of dismissing the case.").

motion to dismiss on Eleventh Amendment grounds, D.E. 26 at 7-8, which the Court adopts and incorporates by reference here, Plaintiffs' claims against Defendant Neuwirth are barred by the Eleventh Amendment.[8]  Likewise, for the same reasons the Court abstained from ruling on this action under *Younger*, D.E. 26 at 8-16, which the Court adopts and incorporates by reference here, the Court also finds abstention appropriate.[9]

## IV.   CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 21st day of April, 2023, hereby

**ORDERED** that Defendant Neuwirth's motion to dismiss, D.E. 36, is **GRANTED**; and it is further

**ORDERED** that this matter is dismissed as to Defendant Hendrickson, pursuant to the Court's Notice of Call for Dismissal, D.E. 28.

_____<br>
John Michael Vazquez, U.S.D.J.

---

[8] As to Defendant Kazar, the Court noted that the claims were dismissed "with the exception of potential future injunctive relief as to Kazar in his individual capacity." D.E. 26 at 16.  Here, however, because Defendant Neuwirth is no longer a state official, there is no basis for Plaintiffs to seek relief against him under the third exception to Eleventh Amendment immunity, which permits a "suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex. rel, E.S. v. State-Operated Sch. Dist,*, 344 F.3d 335, 345 (3d Cir. 2003); *see also* Def. Reply at 4.

[9] Plaintiffs' letter states that Plaintiffs "seek an opportunity to amend the complaint to make the allegations more specific." D.E. 37. But this request is deficient under Local Civil Rule 15.1, which requires a party seeking to amend its complaint to file a written motion and attach to that motion "a copy of the proposed amended pleading" and "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1. Accordingly, the Court denies Plaintiffs' request.  The Court also notes that an amendment would be futile in light of the Court's findings that it lacks subject matter jurisdiction over the claims. *See Bass v. Jaber*, No. 19-18869, 2020 WL 528885, at *3 (D.N.J. Jan. 31, 2020).